**AFRAN TRANSPORT COMPANY, as Owner of the S/S CABIMAS, Plaintiff-Appellee,**

v.

The S/S **TRANSCOLORADO,** Hudson Waterways Corporation, Defendant-Appellant, Panama Canal Company, Defendant-Appellee.

**No. 71-1834.**

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1972.

Max Taylor, New York City, Roy Phillipps, Balboa, Canal Zone, for defendant-appellant.

DeCastro & Robles, Balboa, Canal Zone, Joseph C. Smith, New York City, for Afran.

Dwight A. McKabney, John L. Haines, Jr., Balboa Heights, Canal Zone, for Panama Co.

ON PETITION FOR REHEARING OF 458 F.2d 164

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

█ As the sole party seeking rehearing Panama Canal Company contends that the rule of divided damages [1] implicit in our holding of mutual fault on the part of the S/S Transcolorado and S/S Cabimas, should here give way to the comparative negligence standard which is applicable in direct actions against the Panama Canal Company by virtue of 2 Canal Zone Code § 292.[2] The Canal Company further argues that since its liability for the damages sustained by the vessels must be determined under this special statutory provision, it is incumbent upon this Court to determine the proportion of fault attributable to each of the parties.[3]

1. " . . . when both vessels are in fault, the sums representing the damages are added together, and the amount is equally divided between the parties; and that rule prevails in all cases where there is mutual fault, even though one of the vessels may have been much more in fault than the other. Fault being imputed to both vessels and the charge being proved, the inquiry which was most to blame is immaterial, as the damages must be divided between the two, according to the rule provided in the admiralty courts." The Atlas, 93 U.S. 302, 313, 23 L.Ed. 863 (1876).

2. This provision in pertinent part provides:
"The Panama Canal Company shall promptly adjust and pay damages for injuries to vessels . . . which may arise by reason of their presence in the waters of the Canal Zone, other than the locks, when the injury was proximately caused by negligence or fault on the part of an officer or employee of the Company acting within the scope of his employment and in the line of his duties in connection with the operation of the canal. If the negligence or fault of the vessel, master, crew, or passengers proximately contributed to the jury, the award of damages shall be diminished in proportion to the negligence or fault attributable to the vessel, master, crew, or passengers . . . . "

3. The Canal Company's brief, using the advocate's license to pick and choose quoted excerpts from our opinion, proposes that S/S Transcolorado should be held accountable for a least 95% of the fault associated with the collision while S/S Cabimas (and as a consequence the Canal Company's pilot and therefore the Canal Company) should be held accountable for no more than 5%. Canal Company's reliance upon our opinion as supporting the proposition that S/S Cabimas was any less at fault for the collision than S/S Transcolorado is illfounded. Indeed, even if the § 292 comparative negligence standard were applicable to S/S Transcolorado's *in rem* action against S/S Cabimas, we find nothing in the record to indicate that S/S Cabimas should be held any less at fault than S/S Transcolorado.

## I.

■■ We do not here reach the merits of the Canal Company's argument as to S/S Transcolorado's *in personam* claim against the Canal Company since under long recognized admiralty principles, the negligence of the Canal Company pilot is imputed to the personified S/S Cabimas in the *in rem* action against her by the owners of S/S Transcolorado.[4] And this is without regard to whether the Canal pilot is compulsory or noncompulsory.[5] The fact that Afran, as claimant of S/S Cabimas, may be entitled to complete or partial exoneration from the Canal Company does not defeat S/S Transcolorado's right to recover from Afran, as claimant to S/S Cabimas the full measure of damages to which it is entitled by the *in rem* decree. Burns Bros. v. Central R. R. of New Jersey, 2 Cir., 1953, 202 F.2d 910, 914. The rule of divided damages clearly applies as to this *in rem* recovery against S/S Cabimas.

## II.

■ Even though the comparative negligence standard of § 292 does not impair S/S Transcolorado's right to receive complete half-damage recovery from Afran as claimant of S/S Cabimas, § 292 standards would seem to apply in regard to Afran's action over against the Canal Company. Although upon the record before us and the totality of our opinion's assessment of actual respective faults of the vessels including the Master and crew (not just pilot) of S/S Cabimas (See note 3 *supra*), we would be hard pressed to see how the extent of Afran's recovery against the Canal Company could be adversely affected, the District Court in determining the amount of that award should be guided by the requirements of § 292 since as between persons dealing with the Panama Canal Company this is a part of the waiver of sovereign immunity. Gulf Oil

Corp. v. Panama Canal Co., 5 Cir., 1969, 407 F.2d 24; Sandoval v. Mitsui Sempaku K. K. Toyko, 5 Cir., 1972, 460 F.2d 1163.

The petition for rehearing is denied.

---

4. The China, 1869, 74 U.S. (7 Wall.) 53, 19 L.Ed. 67.

5. Griffin on Collision, 1949, § 194, pp. 444–447.